William C. Hbcht, J.
A motion to dismiss the complaint in a declaratory judgment action for insufficiency before answer presents for determination only the question whether a proper case for declaratory judgment is made out, not the question of whether plaintiff is entitled to the judgment demanded by him. (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 50-51.)
The plaintiff seeks a judgment declaring, among other things, that he was entitled to a preference as a disabled veteran under the Constitution of this State notwithstanding any contrary provisions which may be contained in the Military Law. An action of this character ordinarily presents a proper case for invoking the power of the court to make a declaratory judgment as to the rights of the parties. Thus in Dun & Bradstreet v. City of New York (276 N. Y. 198, 206) the court said: “ The undisputed facts in this case make it peculiarly one where the remedy of a declaratory judgment should be granted. That remedy is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved. In such cases, pure questions of law are presented. It would be difficult to imagine a case where that remedy would be more applicable.”
Defendant contends that plaintiff possesses an adequate remedy at law by way of a proceeding under article 78 of the Civil Practice Act. The Court of Appeals has said, however, in Woollard v. Schaffer Stores Co. (272 N. Y. 304, 311-312): “ We have never gone so far as to hold that, when there exists a genuine controversy requiring a judicial determination, the *743 Supreme Court is bound, solely for the reason that another remedy is available, to refuse to exercise the power conferred by section 473 and rule 212.”
There have been a number of decisions to the effect that the existence of an adequate remedy by way of a proceeding under article 78 of the Civil Practice Act does not necessarily require a dismissal of an action for a declaratory judgment (Cottrell v. Board of Educ. of City of N. Y., 181 Misc. 645, affd. 267 App. Div. 817, affd. 293 N. Y. 792; Nelson v. Board of Higher Educ. of City of N. Y., 263 App. Div. 144; Wakefield v. Board of Educ. of City of N. Y., 192 Misc. 639.) Although Todd v. Board of Educ. of City of Syracuse (272 App. Div. 618) is a holding to the contrary, the affirmance of the Appellate Division by the Court of Appeals (297 N. Y. 873) appears to have been predicated upon another ground, viz., that the complaint in that case contained no allegation that a verified claim had been served on the defendant within the time required by statute.
Defendant contends that plaintiff has resorted to this action for declaratory judgment in an attempt to circumvent the four-month Statute of Limitations applicable to proceedings under article 78 of the Civil Practice Act (see Civ. Prac. Act, § 1286). It does not appear, however, from the face of the complaint, on the basis of which alone this motion must be decided, whether or not the four months prescribed by section 1286 of the Civil Practice Act, ran against the plaintiff prior to the commencement of this action. Although it appears from the complaint that two nondisabled veterans were certified and appointed to one of the positions claimed by plaintiff on or about June 25, 1947, it does not appear whether plaintiff demanded that he be appointed to the position and, if such demand was made, when it was made. Plaintiff’s time to commence an article 78 proceeding, in the nature of the former mandamus proceeding, does not commence to run until a demand for appointment and a refusal thereof. (See Matter of O’Connell v. Kern, 287 N. Y. 297.) It follows that on the basis of the allegations of the complaint alone this motion to dismiss may not properly be granted.
It may not be amiss, however, in this connection to observe that the fact that plaintiff has resorted to the equitable remedy of a declaratory judgment does not necessarily mean that he may escape the four months’ Statute of Limitations contained in section 1286 of the Civil Practice Act. The case may well come under the rule that where a party has concurrent remedies at law and in equity he may not enlarge his time to sue by suing in equity and the legal Statute of Limitations will be applied. (Hanover Fire Ins. Co. v. Morse Dry Dock & Repair Co., 270 *744 N. Y. 86; Keys v. Leopold, 241 N. Y. 189, 193; Gervis v. Halsey, 250 App. Div. 297.)
The motion to dismiss is denied, but without prejudice to the pleading of the four months’ Statute of Limitations as a defense and without prejudice further to a renewal of the motion to dismiss at any time when and if the record establishes that the four months’ Statute of Limitations had run. (Rules Civ. Prac., rule 212.) If a person whose time to obtain -relief under article 78 had expired could extend his time to as much as 10 years by the simple expedient of bringing an action for declaratory judgment instead of commencing an article 78 proceeding, the provision of section 1286 of the Civil Practice Act would be rendered nugatory and the obvious intent of the Legislature to limit the person’s right to obtain relief in the nature of the former order of mandamus would be defeated.