STANLEY M. RIESNER, Plaintiff, *v.* SPENCER C. YOUNG, as Treasurer of the City of New York, et al., Defendants, and FREDERICK NISLOW, on Behalf of Himself and All Others Similarly Situated, Intervener, Defendant.

Supreme Court, Special Term, New York County, November 6, 1950.

*John P. McGrath, Corporation Counsel (Sidney P. Nadel* of counsel), for defendants.

*Leonard M. Wallstein, Jr.,* and *Benjamin Menschel* for intervener, defendant.

*Seymour Kleinman* for plaintiff.

HOFSTADTER, J. This is a taxpayer's action against the board of education, the treasurer and the comptroller of the city of

New York, to enjoin employment or payment of salary to certain persons appointed to the position of principal of elementary school in the city school system from an eligible list promulgated on December 5, 1947. One of the principals appointed from this list has intervened in the action as a defendant on his own behalf and on behalf of others similarly situated on the eligible list.

The eligible list resulted from a competitive examination announced by the board of examiners on March 8, 1946, and held between April 24, 1946, and December 5, 1947, the date of the promulgation of the list. Appointments from the list have been made from time to time. In this action commenced on May 20, 1949, the plaintiff challenges the legality of the eligible list on the ground that the field test and appraisal of record portion of the examination in which the list had its origin was not competitive. The complaint gives a very detailed account of the field test and appraisal of record examination, fortified by exhibits, and enumerates twelve separate items claimed to establsh its noncompetitive character.

Two motions are before the court, one by the intervening defendant and the other by the remaining defendants. Both motions, though differing somewhat in form, are in essence the same and raise the same questions. Both motions, founded solely on the complaint and the plaintiff's admission under section 322 of the Civil Practice Act, of the date of the commencement of the action, seek its dismissal.

There is much force to the defendants' contention that the examination complained of met the standards laid down by the Court of Appeals in *Matter of Sloat* v. *Board of Examiners* (274 N. Y. 367) and was free from the infirmities condemned in *Matter of Fink* v. *Finegan* (270 N. Y. 356) and *Matter of Cohen* v. *Fields* (298 N. Y. 235). If so, the complaint would not state a cause of action. It is, however, unnecessary now to decide this question, for I find the action must be dismissed as untimely.

The eligible list, as stated, was promulgated on December 5, 1947, and this action was begun on May 20, 1949, more than a year after the expiration of the four months' period within which a proceeding under article 78 of the Civil Practice Act to review the legality of the list must be brought. The plaintiff as a citizen and resident is entitled to maintain such a proceeding (*Matter of Andresen* v. *Rice,* 277 N. Y. 271, 281), and, if successful, to obtain an order annulling the list, canceling appointments already made and prohibiting future appointments therefrom (*Matter of Poss* v. *Kern,* 263 App. Div. 320, 325; *Matter of Kornbluth* v. *Rice,* 250 App. Div. 654, 656). A proceeding under

article 78 being available and affording the plaintiff full relief, he cannot enlarge the period of limitation which governs that proceeding by resorting to this action in equity. The limitation applicable to the concurrent legal remedy controls the equitable remedy as well (*Keys* v. *Leopold,* 241 N. Y. 189, 193; *Przyborowski* v. *O'Connell,* 272 App. Div. 1096, affd. 297 N. Y. 940). This rule has very recently been reaffirmed where a plaintiff brought an action against the Civil Service Commission for a declaratory judgment, when a proceeding under article 78 was equally available to him (*Kobbe* v. *McNamara,* 82 N. Y. S. 2d 294, 297, HECHT, J.).

The limitation on a proceeding under article 78 of the Civil Practice Act is not to be circumvented by resort to another remedy. The limitation, especially in proceedings in which the action of public officers or agencies is to be reviewed, is a salutary one, as is shown in this very case. Appointments have already been made from the challenged list and were the challenge to be entertained and upheld at this late date, chaos would ensue. Equity would be ill served by the pursuit of a remedy now fraught with so much mischief. The essential nature and ultimate objective of this action as a substitute for a proceeding under article 78, barred by the four months' limitation, cannot be altered or disguised by giving it the name of a taxpayer's action. The law looks to the reality, not the form.

In view of this conclusion, there is no need to treat the other objections which the defendants have urged against the plaintiff's right to maintain a taxpayer's action at all or to the formal sufficiency of the complaint in that respect.

The complaint is dismissed. Settle order.