## COPELAND MOTOR CO. v. GENERAL MOTORS CORP.

No. 14076.

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1952.

Edward D. Smith, Atlanta, Ga., for appellant.

Henry F. Herbermann, New York City, Rembert Marshall, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, RUSSELL, Circuit Judge, and DAVIS, District Judge.

HUTCHESON, Chief Judge.

This is an appeal from an order which denied plaintiff leave to amend and then dismissed its suit on the ground that no recoverable claim was stated in the unamended complaint.

Two grounds of error are assigned. The first is that the court erred in refusing leave to file the tendered amendment. The second is that the complaint, in its amended form, stated a recoverable claim, and it was error to dismiss it.

In his order denying leave to amend, the district judge after stating that the suit, as originally brought in 1947, was in two counts, count one, later dismissed, alleging violation of the anti-trust laws of the United States, and count two, a breach of a sales or agency agreement, went on to say: that the complaint, as stated in the second count, had come up for pretrial on February 7, 1952; that the complainant had then tendered an amendment; and that the defendant had resisted the filing of the amendment because, among other things, of laches.

Dealing with that ground of the objection, the judge, in his order, stated:

"The amendment itself sets up new and distinct matter, indeed a different cause of action. If this cause of action were set up in an original complaint at this time, the defendant would have the right to plead that the action is barred by the Statute of Limitations, whereas if leave to file the amendment is granted, the amendment will [under Rule 15, Federal Rules of Procedure, 28 U.S. C.A.,] relate back to the date of the filing of the original complaint and

properly will not be subject to the plea of bar by the statute of limitations."

The leave to amend denied, the judge next turned to the question whether the agreement, as set out in the unamended complaint lacked mutuality and was, therefore, unenforceable. Concluding and declaring that it was, he ordered it dismissed.

Appellant, pointing to the admitted facts[1] is here insisting that under Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A., with its injunction that leave shall be freely given when justice so requires, it was error to deny it leave to amend.

For the reasons hereinafter stated, we agree with this view and, without considering the second ground of error, we reverse the order appealed from with directions to grant leave to file.

Rule 15, Rules of Civil Procedure, "(a) Amendments", provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.* (Emphasis supplied.)

while provision (c) of the same rule, "Relation Back of Amendments", provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

■ Drawn to give effect to the principle that cases should, as far as possible, be determined on their merits and not on

---

1. (1) While the suit, as originally filed in 1947, was in two counts, count one, alleging a violation of the anti-trust laws, was the primary count in the suit, and, because it set up matters which were involved in a suit on appeal to the United States Supreme Court, in Emich Motors Corp. v. General Motors Corp., 341 U.S. 906, 71 S.Ct. 610, 95 L.Ed. 1345, finally decided in April of 1951, both parties

permitted the suit to pend without action in it until that case was decided.

(2) When the case was decided, count one had to be abandoned, and it was dismissed on Oct. 29, 1951.

(3) On Oct. 25th, the case was set for trial for Feb. 18, 1952, while on Jan. 22, it was set for pretrial and hearing for Feb. 7, 1952, and on that day plaintiff tendered its amendment to defendant.

technicalities, the courts have given Rule 15 not lip service merely but full fealty.

The only reasons put forward by the district judge for denying leave are two. One of these is that the pleading in effect set up a new cause of action which, if brought as a suit for the first time, would be barred, and, if the amendment should be allowed, it would, under Rule 15(c), relate back, depriving the defendant of his right to plead the bar of the statute. The other is that plaintiff was guilty of undue delay in proposing the amendment.

■ We think that neither ground for refusing leave was well taken. Of the first point: that the new matter alleged set up a new cause of action which, but for Rule 15(c), would be barred by limitation; that to grant leave to file it would deprive the defendant of that defense; and, that, therefore, the amendment should be denied; it is sufficient to say that this is to misapprehend the purpose and effect, and to misapply, subdivision (c) of the rule.

As clearly appears from the language of Rule 15, and from our decision under it, in Barthel v. Stamm, 5 Cir., 145 F.2d 487,[2] leave should be freely given when justice requires. The fact that Rule 15(c) makes provision for the relation back of amendments to the date of the original pleading, can not be put forward as a ground for denying leave.[3] If this were not so, a rule with regard to amendments, intended to operate remedially, would operate to destroy the privilege of amendment at its source.

The court should have considered the request for leave to file under Subdivision (a) of the rule, uninfluenced by whether, under 15(c), the amendment would or would not relate back. The amendment allowed, if the defendant had pleaded limitation, the court should then have considered and acted upon the plea in the light of the provisions of 15(c), and should have sustained or rejected the plea in accordance with whether or not the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 424, 89 L.Ed. 465.

■ The second ground for denying the leave to file, that plaintiff was guilty of laches in not sooner filing the amendment, is no better taken. As the suit was originally filed, count one, the anti-trust count, was the main, the primary, ground of contention between the parties. The second count was only supplemental and incidental. Both of the parties had agreed not to press the suit until the decision of the Supreme Court in the Emich case had come down, and by mutual consent the case was permitted to lie dormant, neither side taking any steps or action in it.

The Emich case having been decided adversely to the complainant's contention, count one was dismissed, count two remained, and the amended pleading was not too long thereafter tendered. No showing was made at the pretrial hearing that, because the amendment was not sooner filed, plaintiff could not obtain the proof to meet the issue tendered by it, no reason was presented why, if the facts alleged in the amendment were true, the justice of the cause did not require that plaintiff be given an opportunity to prove them.

In short, no case of laches, which should have defeated the filing of the amendment, was shown, and the rule directing that leave be freely given when justice so requires, required its granting.

Because the court erred in denying leave to file the amendment, and proceeded then to consider and dismiss the complaint as unamended, the order of dismissal is reversed, and the cause is remanded with directions to allow the amendment and to proceed thereafter not inconsistently herewith.

2. McDowell v. Orr Felt & Blanket Co., 6 Cir., 146 F.2d 136; Cf. Moore's Civil Practice 2nd Ed. Vol. 2, at p. 359 and Vol. 3 at pp. 804–805–828–831–832.

3. Cf. Moore's Civil Procedure, 2nd Ed. Vol. 3, p. 831.