Edward H. SZALKIEWICZ, Plaintiff,

v.

FARRELL LINES, Inc., a corporation,
and United States of America,
Defendants.

United States District Court
S. D. New York.

June 28, 1956.

Francis M. McInerney, Brooklyn, N. Y., for plaintiff.

Stapleton, Flynn & Lilly, New York City, for defendant Farrell Lines, Inc., George W. Sullivan, New York City, of counsel.

LEVET, District Judge.

Plaintiff, a citizen of New Jersey, seeks leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The suit herein was brought to recover for personal injuries allegedly sustained by plaintiff in the course of his employment as a stevedore on board the S. S. African Pilot while said vessel was docked in Jersey City, New Jersey. The suit is based upon a claim of negligence and unseaworthiness.

The original complaint alleged that the defendant, Farrell Lines, Inc., acted as a general agent of the defendant, United States of America. The Farrell Lines, Inc. moved to dismiss the complaint on the ground that said defendant, as a general agent of the United States of America, was not subject to suit for injuries aboard a vessel which it operated for said United States. The defendant cited McAllister v. Cosmopolitan Co., 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, in support of its motion. The District Court dismissed the complaint without granting plaintiff leave to file an amended complaint, although plaintiff submitted a counter order of dismissal which contained a provision authorizing the serving of an amended complaint. The dismissal order was entered on April 23, 1956. A judgment of dismissal was entered on May 2, 1956.

Three days after the Court's decision to dismiss the complaint, plaintiff stipulated to discontinue the action against the defendant, United States of America. However, plaintiff has a suit in admiralty pending against the United States of America in the United States District Court for the District of New Jersey, in which he seeks to recover for alleged injuries arising out of the same facts upon which this suit is based.

Plaintiff now asks for leave to amend his complaint in order that he might sue the Farrell Lines, Inc. as a sole defendant. Plaintiff states that he cannot commence a separate action because he believes that he is now barred by a two-year New Jersey limitation statute and that, therefore, amendment is necessary in order to preserve his claim.

■ Since jurisdiction in this case is based solely upon diversity of citizenship of the parties, this Court will follow the New York limitations rule as set forth in Section 13 of the New York Civil Practice Act. Redman v. United States, 2 Cir., 176 F.2d 713. Section 13 provides that an action cannot be brought by a non-resident in a court in New York to enforce a cause of action arising outside the state when such action was barred by the law of the state where it arose. The cause of action in the case at bar arose in New Jersey. Actions for personal injuries caused by negligence occurring within the State of New Jersey must be commenced within two years after the cause of action accrued. Title 2, Ch. 24, Sec. 2, New Jersey Statutes Annotated, now 2A:14–2. Thus, it was held in Luczcz v. Lehigh Valley R. Co., Sup.1947, 73 N.Y.S.2d 170, that an action for personal injuries sustained in New Jersey more than two years before, was barred by the New Jersey two-year limitation statute.

■■ However, plaintiff's allegations also support a Federal maritime claim for unseaworthiness. Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Pope & Talbot Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143. The statute of limitations is no defense to an action predicated on the ground of unseaworthiness since there are no statutes of limitations in admiralty. The doctrine of laches is applicable in lieu thereof. However, the courts will generally follow by analogy the appropriate state statute of limitations in determining the existence of laches. See Walle v. Dallett, D.C.S.D.N.Y.1955, 135 F.Supp. 390. With respect to plaintiff's claim for breach of warranty of sea-

worthiness, the appropriate statute would be Section 48 of the New York Civil Practice Act, which provides for a six-year limit with respect to actions based on implied contract. See LeGate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689; Tesoriero v. The M. S. Molda, 2 Cir., 232 F.2d 311, 1956 A.M.C. 836. Accordingly, plaintiff's contention that he cannot maintain a separate action against the defendant, Farrell Lines, Inc., is not well taken.

■ Defendant, Farrell Lines, Inc., opposes plaintiff's motion for leave to amend on two grounds. One of these is that plaintiff seeks to allege an entirely new cause of action as an amendment, and his motion should, therefore, be denied. This contention is not persuasive. In Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566, the defendant also argued that the plaintiff sought to allege new matter in a new cause of action which, but for Rule 15 (c), would be barred by limitation, and that to permit amendment would deprive the defendant of that defense. The Circuit Court rejected this argument and said:

"*  *  * The fact that Rule 15 (c) makes provision for the relation back of amendments to the date of the original pleading, can not be put forward as a ground for denying leave. If this were not so, a rule with regard to amendments, intended to operate remedially, would operate to destroy the privilege of amendment at its source.

"The court should have considered the request for leave to file under Subdivision (a) of the rule, uninfluenced by whether, under 15(c), the amendment would or would not relate back. The amendment allowed, if the defendant had pleaded limitation, the court should then have considered and acted upon the plea in the light of the provisions of 15(c), and should have sustained or

rejected the plea in accordance with whether or not the claim asserted in the amended pleading 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading'. Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 424, 89 L.Ed. 465." 199 F.2d at page 568.

■■ The second ground which defendant urges in opposition to the motion is more substantial than its other reason. It is argued that the entry of a judgment herein terminated the case and, therefore, an amendment of the complaint should not be allowed. Although this Court is mindful of the fact that amendments of complaints are liberally allowed (see 3 Moore's Federal Practice, 2d Ed. § 15.10), it does not believe that a party should have the unlimited right to amend a pleading after the entry of a judgment of dismissal. Subsequent to the entry of a judgment of dismissal, a complaint should be amended by first setting aside the judgment. "Technically the judgment of dismissal should be reopened before an amendment to the complaint is granted." Markert v. Swift & Co., 2 Cir., 1949, 173 F.2d 517, 519. No application of this kind was made and, therefore, this Court will not grant plaintiff leave to serve an amended complaint. See Fedderson Motors, Inc. v. Ward, 10 Cir., 1950, 180 F.2d 519; United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453.

Another reason for denying plaintiff's application is the fact that the District Court had already considered this question when it refused to sign plaintiff's counter order which provided for leave to amend.

Motion for leave to amend the complaint is denied, without prejudice to plaintiff's right to commence a separate action as indicated herein.

So ordered.