BERNARD COLODNEY et al., Respondents, *v.* NEW YORK COFFEE AND SUGAR EXCHANGE, INC., Appellant.

First Department, June 11, 1957.

*Whitman Knapp* of counsel (*W. Mason Smith, Jr.,* and *David D. Brown, III,* with him on the brief; *Root, Barrett, Cohen, Knapp & Smith,* attorneys), for appellant.

*Arthur W. Murphy* of counsel (*Hughes, Hubbard, Blair & Reed,* attorneys), for respondents.

Rabin, J.    Plaintiffs are members of the New York Coffee and Sugar Exchange, Inc.    As the result of a dispute with another member a charge of business misconduct was made against plaintiffs and was referred to the Business Conduct Committee of the Exchange.    That committee held a hearing on June 7, 1955, at which plaintiff Bernard Colodney appeared and testified.    On June 29, the committee rendered a report to the board of managers and a copy thereof was sent to the plaintiffs.    Based on this report the board of managers conducted a hearing on

July 13, at which both plaintiffs appeared, presented arguments and testified. At the conclusion of that hearing, the board of managers adopted a resolution censuring plaintiffs and imposing upon each of them a fine of $1,500. On July 15, the resolution was read to the members of the exchange present on the floor at the opening of trading. Plaintiffs paid the fines imposed " under protest ".

On December 15, 1955, five months after the determination against them, plaintiffs instituted a proceeding under article 78 of the Civil Practice Act to require the exchange to rescind the fines, to revoke the censure, to publish such rescission and revocation and to refund the amount of the fines. Simultaneously they served their original complaint in this action, alleging identical facts and asking identical relief.

Special Term denied a motion by defendant exchange in which it was sought to dismiss the article 78 proceeding on the ground that it was barred by the four-month limitation contained in section 1286 of the Civil Practice Act. Special Term held that the proceeding was not barred and that the statute did not commence to run until August 17, at which time the defendant refused a demand by plaintiffs to rescind the censure and imposition of the fines (*Matter of Colodney* v. *New York Coffee Exch.*, 1 Misc 2d 643). This court reversed and dismissed the proceeding on the ground that it was barred by section 1286 (1 A D 2d 999). It was our view that the four-month Statute of Limitations commenced to run as of July 15, 1955, the date on which the exchange made its determination censuring and fining the plaintiffs, and that view was concurred in by the Court of Appeals in affirming (2 N Y 2d 149).

Plaintiffs thereupon served an amended complaint adding two additional claims, one for the recovery of moneys paid under duress and the other for breach of contract. The present appeal is from an order of Special Term which denied defendant's motion to dismiss the amended complaint on the grounds that it is insufficient in law and is barred by the Statute of Limitations.

The decision of the Court of Appeals in the article 78 proceeding constitutes a definite holding that the action of the exchange in censuring and fining plaintiffs, was a " determination " by the exchange, quasi-judicial in nature. As a prerequisite to making that finding the Court of Appeals necessarily had to find that petitioners were given proper notice of the charges and a hearing thereon, for lacking those requirements, the exchange would have had no jurisdiction and consequently there would have been no effective determination against which the Statute of Limitations could run. The majority opinion in the Court of Appeals specifically held, over express dissent, that charges

were properly presented to petitioners and that they were given a hearing. There was accordingly a clear finding that the exchange acted in a matter over which it had jurisdiction. Of course, since the court held that the Statute of Limitations had run, it would not, and did not, pass upon the question as to whether the exchange had acted rightfully or wrongfully in fining the plaintiffs. Plaintiffs lost their right to be heard on that question.

The Court of Appeals decision is conclusive unless it can be shown that apart from, and independent of the article 78 proceeding, plaintiffs have the right to prosecute some other cause of action.

Plaintiffs attempt to assert such a right by way of three separate causes of action in the amended complaint. The first is in equity and asks that the exchange be directed to rescind the fines levied against plaintiffs and refund the amount thereof to them. It is alleged that they have no adequate remedy at law. The difficulty with that position is that plaintiffs did have an adequate remedy at law in the article 78 proceeding which they prosecuted to the utmost, although without success. In the circumstances, the cause of action in equity must be held insufficient (*Przyborowski* v. *O'Connell*, 272 App. Div. 1096, affd. 297 N. Y. 940; *Riesner* v. *Young*, 198 Misc. 624; *Terner* v. *Glickstein & Turner*, 283 N. Y. 299, 303).

Moreover it would appear that where a legal and equitable remedy exists as to the same subject matter, the latter is under control of the same statutory bar as the former (*Keys* v. *Leopold*, 241 N. Y. 189, 193; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.*, 270 N. Y. 86; *Kobbe* v. *McNamara*, 5 Misc 2d 741, 743; *Riesner* v. *Young, supra*). In the last-cited case it was properly said " A proceeding under article 78 being available and affording the plaintiff full relief, he cannot enlarge the period of limitation which governs that proceeding by resorting to this action in equity ". (Pp. 625–626.) Plaintiff having instituted and prosecuted an article 78 proceeding, and that proceeding having been ruled barred by the statute, may not now extend the legal Statute of Limitations by way of equity.

In the second cause of action plaintiffs seek to recover the amount of the fines alleging that they were paid to the exchange under duress. The Court of Appeals has held that the exchange acted within its jurisdiction. Accordingly the findings of the exchange have the effect of a valid determination, legal and binding on the plaintiffs. Moneys paid under such a determination cannot be said to have been paid under duress, which is defined in Webster's International Dictionary (2d ed.) as, " Compulsion

or restraint by which a person is illegally forced to do or forbear some act ''. The second cause of action must therefore be held insufficient. The case of *Fuerst* v. *Musical Mut. Protective Union* (95 N. Y. S. 155) relied upon by Special Term, is distinguishable for that was an action to recover fines levied by union officials whose actions were held to be void. Nor is *Toscano* v. *McGoldrick* (300 N. Y. 156) in point. The action there was not based upon duress and all that the case stands for is that a claim for unpaid salary which constituted a debt legally owing by the City of New York to an employee, can be recovered in an action at law. That is not the case here.

The third cause of action alleges a breach of contract and proceeds on the theory that the exchange did not act in accordance with the provisions of its by-laws. Implicit in the Court of Appeals decision in the article 78 proceeding is a finding that the exchange did proceed properly. Apart from that, no basis for an action for breach of contract is to be found in the allegations of the third cause of action. There is no promise alleged, either express or implied, obligating the exchange to repay the fines assessed against plaintiffs. The third cause of action must therefore be held insufficient. Since none of the causes of action is good, the complaint should be dismissed.

The order should be reversed and amended complaint dismissed, with $20 costs and disbursements to appellant.

Breitel, J. P., Frank, Valente and McNally, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted, and judgment is directed to be entered in favor of the defendant dismissing the amended complaint herein with costs.