**Donald A. SWAN, Plaintiff-Appellant,**

v.

**BOARD OF HIGHER EDUCATION OF the CITY OF NEW YORK by Gustave G. ROSENBERG, its Chairman, George A. Pierson, and Margaret V. Kiely, Defendants-Appellees.**

No. 280, Docket 27996.

United States Court of Appeals Second Circuit.

Argued May 6, 1963.

Decided June 4, 1963.

Alfred Avins, Chicago, Ill., for plaintiff-appellant.

Eugene M. Kaufman, New York City (Leo A. Larkin, Corp. Counsel, New York City, on the brief), for defendants-appellees.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal by Donald A. Swan, plaintiff below, from three separate, unreported orders of the United States District Court for the Southern District of New York. The first two orders, entered by Judge Metzner, dismissed plaintiff's original complaint on the ground that the action was barred by the statute of limitations (September 10, 1962) and announced adherence to that determination upon reargument (December 6, 1962). The third order, entered by Judge MacMahon, denied plaintiff's motion for a default judgment upon his amended complaint on the ground that that complaint was a nullity (November 26, 1962).

Asserting jurisdiction under 28 U.S. C.A. § 1343(3) and the Civil Rights Act, 42 U.S.C.A. § 1983, plaintiff, a former student at Queens College in New York City, brought suit on July 20, 1962 against the Board of Higher Education of the City of New York, which maintains and operates the college, and against two officials of the college, George A. Pierson, dean of students since the spring of 1953, and Margaret V. Kiely, dean emeritus, who was Dean Pierson's predecessor. Swan alleged that in February 1953, at a time when he was a regularly-enrolled student in good standing at Queens College, Dean Kiely suspended him during the spring semester, without notice or hearing, in order to punish him for having expressed his views on political, economic, and social questions, and

to deter him from exercising his constitutional right of freedom of speech. He claimed that the action of the college denied him equal protection, because students whose views the college approved of were not suspended, and due process, because he was denied the opportunity to be heard, to examine his accusers, or to answer the accusations against him. When he was permitted to re-register as a student during the summer of 1953, Swan alleged, he requested that his official transcripts and records be changed to show that his suspension was "without justification and due notice and hearing and violated [his] constitutional rights." This request was denied, and the order of suspension, according to the complaint, continues, to Swan's detriment, to appear on the transcript which the college sends to other educational institutions, prospective employers, and governmental agencies. Swan sought a declaratory judgment that the action of the college in suspending him was unconstitutional and an injunction which would either restrain defendants from continuing the order of suspension on his transcript and other records at the college or require defendants to add to his records that the suspension was without justification and in violation of his constitutional rights.

Before answer, defendants moved to dismiss the complaint on the grounds that it failed to state a cause of action, that the court lacked jurisdiction of the

subject matter, and that the action was barred by the statute of limitations. Judge Metzner held that due process requires that a student in a state-supported college receive notice and some opportunity to be heard before he is expelled for misconduct, and that the complaint therefore stated a cause of action. Dixon v. Alabama State Bd. of Education, 294 F.2d 150 (5 Cir.), cert. denied, 368 U.S. 930, 82 S.Ct. 368, 7 L.Ed.2d 193 (1961); 75 Harv.L.Rev. 1429 (1962); compare Steier v. New York State Educ. Com'r., 271 F.2d 13 (2 Cir. 1959), cert. denied, 361 U.S. 966, 80 S.Ct. 587, 4 L.Ed.2d 547 (1960). The court then considered the defense based upon the statute of limitations. See 2 Moore, Federal Practice ¶ 12.10 (2d ed. 1962). Judge Metzner rejected plaintiff's contention that the ten-year statute of limitation of § 53 of the New York Civil Practice Act[1] was applicable, and held the action was barred by the four-month statute of § 1286 of the Civil Practice Act.[2] Accordingly, the court said, "The complaint must be dismissed. So ordered." On the same day the opinion was entered on the court's docket book.

The clerk of the court, however, failed to comply with the General Rules of the District Court by which he was required to formalize Judge Metzner's order of dismissal into a final judgment by preparing, signing, and entering a separate document embodying the order.[3] Three

---

1. Section 53 provides: "An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues."

2. Section 1286 provides: "Unless a shorter time limitation is expressly provided in the law under which the proceeding is authorized, a proceeding under this article to review a determination or to compel performance of a duty specifically enjoined by law, must be instituted by service of the petition and accompanying papers, as prescribed in section twelve hundred eighty-nine of this article, within four months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact,

or after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty, as the case may be; * * *."

3. Rule 10 of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York provides: "Upon the verdict of a jury or the decision of a cause by an opinion, memorandum, findings or other direction of the court, a separate document which shall constitute the judgment, decree or final order shall be signed by the clerk and entered. The judgment, decree or final order shall contain no recitals other than a recital of the verdict or any direction by the court upon which such judgment, decree or final order is entered. Unless the judge specifically directs oth-

days after Judge Metzner issued his order, plaintiff served an amended complaint, for the first time alleging that he was a minor at the time of his suspension. The amended complaint demanded the same relief as the original complaint. When defendants failed to respond, plaintiff moved for a default judgment. The motion came on before Judge MacMahon. Defendants argued that the complaint was a nullity because a plaintiff may not amend his complaint after a judgment of dismissal has been entered, except by leave of court which plaintiff admittedly had neither sought nor been granted. Plaintiff argued that Rule 15(a) of the Federal Rules of Civil Procedure gave him an absolute right to amend his complaint once before entry of judgment, and that because of the clerical lapse by the clerk of the court, Judge Metzner's order of dismissal had never been entered as a final judgment. Judge MacMahon held the amended complaint a nullity and denied plaintiff's motion as "obviously attempting to capitalize on a mere clerical error on the part of the Clerk of the court." He also directed the clerk to prepare and sign a judgment of dismissal on Judge Metzner's order and enter it in the appropriate docket *nunc pro tunc*.

Meanwhile, on October 19, 1962, after plaintiff had served his amended complaint and before Judge MacMahon had held it a nullity, Judge Metzner granted a motion for reargument of the original order of dismissal. Apparently made cognizant of the issue of plaintiff's minority by the allegations in the amended complaint, he requested plaintiff to file with the court a certified copy of his birth certificate. When plaintiff failed to file the certificate, Judge Metzner adhered to his original determination, but he changed its basis in one respect. Where he had originally held the complaint to be barred by the four-month statute of limitations of § 1286 of the New York Civil Practice Act, he now held it to be barred by the six-year statute of § 48(2) of the Act.[4] It is in this somewhat complicated procedural posture that the case comes before this court.

Because a statute of limitations for actions of the present kind is not contained in either the Civil Rights Act itself or elsewhere in the federal statutes, the applicable period of limitation is that which New York would enforce had an action seeking similar relief been brought in a court of that state. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Hoffman v. Halden, 268 F.2d 280 (9 Cir. 1959); Wilson v. Hinman, 172 F.2d 914 (10 Cir.), cert. denied, 336 U.S. 970, 69 S.Ct. 933, 93 L.Ed. 1121 (1949). This, of course, is the rule which prevails generally when Congress has not provided a statute of limitations for a federally-created cause of action. Smith v. Cremins, 308 F.2d 187 (9 Cir. 1962); Powell v. St. Louis Dairy Co., 276 F.2d 464 (8 Cir. 1960); Bertha Bldg. Corp. v. National Theatres Corp., 269 F.2d 785 (2 Cir. 1959), cert. denied, 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960).[5]

---

erwise, the clerk shall promptly prepare the judgment, decree or final order. He shall forthwith sign and enter it, except that where approval by the judge is required by F.R.Civ.P. 58, he shall first submit the judgment, decree or final order to the judge, who shall manifest such approval by adding his signature thereto or noting his approval on the margin. The notation in the appropriate docket of the judgment, decree or final order herein provided, whether prepared by the clerk or the attorney, shall constitute the entry of judgment."

4. Section 48(2) provides: "The following actions must be commenced within six years after the cause of action has accrued: * * * 2. An action to recover upon a liability created by statute, except a penalty or forfeiture."

5. Although plaintiff has not raised the point, we have considered whether, because his complaint seeks not damages but rather declaratory and injunctive relief, it should be considered solely "equitable" and hence as governed not by a statute of limitations but rather by the doctrine of laches. See, e. g., Holmberg v. Armbrecht, 327 U.S. 392, 395–396, 66 S.Ct. 582, 90 L.Ed. 743 (1946). We have concluded, however, that since plaintiff could also have sought Civil Rights Act

On the original motion to dismiss, plaintiff argued for the applicability of the ten-year statute of limitations of § 53 of the New York Civil Practice Act, which governs equitable actions generally. If plaintiff were seeking relief in a state court, the appropriate remedy would be the legal remedy provided by Article 78 of the Civil Practice Act,[6] under which, indeed, plaintiff formerly instituted two proceedings against the same defendants in New York Supreme Court; and the New York courts have held that "[a] proceeding under Article 78 being available and affording the plaintiff full relief, he cannot enlarge the period of limitation which governs that proceeding by resorting to this action in equity." Riesner v. Young, 198 Misc. 624, 100 N.Y.S.2d 488, 490 (Sup.Ct. 1950); Kobbe v. McNamara, 82 N.Y.S. 2d 294 (Sup.Ct.1948); see Whitfield & Sheshunoff, Inc. v. Fairchild Engine & Airline Corp., 269 F.2d 427, 439 (2 Cir. 1959).

■ We need not consider whether the four months period provided in § 1286 with respect to Article 78 proceedings is the kind of state statute of limitations to which federal courts will look in the absence of a federal statute or whether, if it were, it should be rejected on the ground that it would substantially impair the federal right sought to be enforced. Cf. Caldwell v. Alabama Dry Dock & Shipbuilding Co., 161 F.2d 83 (5 Cir. 1947); Davis v. Wechsler, 263 U.S. 22, 24, 44 S.Ct. 13, 68 L.Ed. 143 (1923); Hills & Co. v. Hoover, 220 U.S. 329, 336, 31 S.Ct. 402, 55 L.Ed. 485 (1911). For § 48(2) of the New York Civil Practice Act prescribes a six-year statute of limitations for actions "to recover upon a liability created by statute", and plaintiff's cause of action derives from a statute, the Civil Rights Act. See Bomar v. Keyes, 162 F.2d 136 (2 Cir.), cert. denied, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947), and Smith v. Cremins, 308 F.2d 187 (9 Cir. 1962). That cause of action arose when plaintiff was suspended from Queens College in 1953, nine years before he instituted the present proceeding.

Plaintiff contends, however, that since he was a minor at the time that his cause of action accrued, the statute of limitations of § 48(2), assuming it to be applicable, should be considered to have been tolled during the period of his minority by § 60 of the Civil Practice Act.[7] Plaintiff's original complaint made no mention of the fact of his minority. His amended complaint, however, did include an allegation of minority, and the threshold question is whether Judge MacMahon was correct in holding that the issue of minority could not be reached because the amended complaint was improperly served and therefore a nullity. We think that he was.

■ The law is clear that once Judge Metzner's judgment dismissing the original complaint had been entered,

relief by way of damages, he is not here asserting "a federal right for which the sole remedy is in equity," Holmberg v. Armbrecht, 327 U.S. at 395, 66 S.Ct. at 584, and hence the situation is one of "concurrent" legal and equitable jurisdiction, in which case the statute of limitations does apply. Compare Holmberg v. Armbrecht, supra, and Russell v. Todd, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754 (1940), with Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947).

6. Article 78 includes §§ 1283–1306 of the Civil Practice Act.

7. Section 60 provides: "If a person entitled to maintain an action other than for the recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, is at the time when the cause of action accrues, * * * 1. Within the age of twenty-one years; * * * and if the time otherwise limited in this article for commencing the action is five years or more and if such time expires before the disability ceases, or less than five years thereafter, the time otherwise limited shall be extended in consequence of such disability so as to permit the action to be commenced after the expiration of the time otherwise limited but not more than five years after the disability ceases; but if the time otherwise limited is less than five years, such time shall be extended by the period of disability; * * *."

the right granted to plaintiff by **Rule** 15(a) of the Federal Rules of Civil Procedure to amend his complaint once as a matter of course was at an end. See 3 Moore, Federal Practice ¶ 15.10 (2d ed. 1948). "Thereafter, the pleading could be amended only with leave of the court." Feddersen Motors, Inc. v. Ward, 180 F.2d 519, 523 (10 Cir. 1950); Szalkiewicz v. Farrell Lines, Inc., 142 F.Supp. 496 (S.D. N.Y.1956). Since plaintiff at no time requested or obtained such leave, he is compelled to argue that Judge Metzner's order of dismissal had not been entered as a final judgment at the time the amended complaint was served. This argument is based upon the failure of the clerk of the court to comply with his duty under Rule 10 of the General Rules of the District Court to prepare, sign, and enter "a separate document" which the Rule provides "shall constitute the judgment." We find this argument without merit. Nothing in the policies underlying Rule 15(a) suggests that an exception to its terms should be permitted because of the failure of the clerk to perform a purely ministerial function. The clerk's performance of the ministerial duty set out in General Rule 10 was intended merely as an expeditious and clearly identifiable means of starting the time running for appeal or the usual post-judgment motions. Cf. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958). The purpose of the rule was to have the order of the district court immediately formalized by the clerk into a final judgment, thus avoiding the delay in initiating post-judgment proceedings that might be caused by the inadvertence of a district judge in neglecting to direct the clerk to formally enter judgment.[8] The present case does not involve any question of the running of time; rather, it involves a question of the particular action by which the district court effectively determined the issue of the validity of plaintiff's complaint. We agree with Judge MacMahon that this issue was effectively determined on September 10, 1962, when Judge Metzner filed his opinion, concluding it with the words "So ordered," and when the opinion was entered on the court's docket book. At that point, plaintiff knew of the decision of the district court and could readily have moved for leave to amend his complaint, which Rule 15(a) provides "shall be freely given when justice so requires." Having elected not to take the simple step of making such a motion, plaintiff cannot now avoid the requirements of Rule 15 (a) by reliance upon a clerical error which in no way affected his rights. But in any event, plaintiff was given a full opportunity to raise his claim of minority on the reargument of the original complaint; Judge Metzner informed him that the claim would be considered if plaintiff furnished a copy of his birth certificate but plaintiff declined to do this. He thus cannot now complain that his rights in this respect were disregarded.[9]

Affirmed.

8. As the Reviser's Note to General Rule 10 points out, "The confusion which preceded (and has followed) United States v. F. & M. Schaefer Brewing Co. (1958) 356 U.S. 227 [78 S.Ct. 674, 2 L.Ed.2d 721], with reference to the document or act from which the time to appeal runs, has made it desirable to provide specifically for a formal judgment, decree or final order in all cases. To avoid delay the judgment is to be prepared by the clerk unless the court directs settlement."

9. Plaintiff also argues, relying on the amended complaint, that the running of the statute was tolled by fraudulent concealment. But even if plaintiff were entitled to have that complaint considered, as we hold he was not, the allegations were inadequate to that end. See Moviecolor, Limited v. Eastman Kodak Co., 288 F.2d 80, 86–88 (2 Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961).