Eugene C. **ROMER**, Plaintiff-Appellant,

v.

Howard R. **LEARY**, as Police Commissioner of the City of New York, and the City of New York, Defendants-Appellees.

No. 574, Docket 34248.

United States Court of Appeals,
Second Circuit.

Argued Feb. 26, 1970.

Decided April 10, 1970.

Irving L. Weinberger, New York City (Schneider & Kaufman, New York City, of counsel), for plaintiff-appellant.

Robert T. Hartmann, New York City (J. Lee Rankin, Corp. Counsel of The City of New York, and Stanley Buchsbaum, Asst. Corp. Counsel, of counsel), for defendants-appellees.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and DOOLING, District Judge.*

DOOLING, District Judge:

Plaintiff, then a New York City policeman, was dismissed from the Police Department under Section 1123 of the New York City Charter on September 23, 1963, when, directed to appear and testify before a Grand Jury, he refused to sign a waiver of immunity, relying upon his privilege against self-incrimination. After Gardner v. Broderick, 1968, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082, held, in a parallel case, that Section 1123 was invalid, plaintiff filed the present action. Defendants moved to dismiss on the ground that the action, commenced in October 1968, was barred by the four month New York State Statute of Limitations specifically applicable in the state court to proceedings under Article 78 of the New York Civil Practice Law and Rules by virtue of Section 217 of that Law. The Court below granted the motion. The decision is affirmed on the ground that the action is barred by the three year limitation of Section 214, subdivision 2, of the Civil Practice Law and Rules (CPLR).

█ In form plaintiff's suit prayed a declaration of the invalidity of Section 1123 of the City Charter and a direction to the Police Commissioner to restore plaintiff to his employment with full pay back to the date of his dismissal. Such relief plaintiff could have sought in the state courts either by a proceeding under Article 78 of the CPLR commenced within four months after his dismissal, or, where review of the constitutionality of governmental action was sought, by a suit for a declaratory judgment, Lutheran Church in America v. City of New York, 1st Dept. 1967, 27 A.D.2d 237, 278 N.Y.S.2d 1, and, as *Lutheran Church* holds, the applicable limitation in the latter case would be the six year period provided in CPLR § 217 for cases in which no other limitation is specifically provided by law.

█ It is now settled by Swan v. Board of Higher Education, 2 Cir. 1963, 319 F.2d 56, that in a suit seeking declaratory and injunctive relief which is based on the Civil Rights Act, 42 U.S.C. § 1983, the applicable limitation in a case arising in New York is the three year limitation now provided for suits "to recover upon a liability * * * created or imposed by statute" by what is now CPLR § 214, subdivision 2.[1] As the Court noted in *Swan*, 319 F.2d at 60, it is an open question whether the four month limitation is the kind to which the federal courts will look in the absence of a federal limitation or whether, if it were, it should not be rejected as substantially impairing the federal right.

█ That the present case, seeking reinstatement and back pay, is cast in declaratory judgment form does not attract to it the six year statute that the state courts would apply to an action commenced under the state declaratory judgment law, CPLR § 3001. Gardner v. Broderick had already authoritatively adjudicated the constitutional issue[2]

* Of the Eastern District of New York, sitting by designation.

1. In *Swan* the Court applied former Civil Practice Act § 48, subdivision 2, which then provided a six year limitation on actions "to recover upon a liability created by statute, except a penalty or forfeiture." The Civil Practice Law and Rules, which became law on April 4, 1962, effective September 1, 1963 (CPLR § 10005), removed actions to recover on liabilities created by statute from the six-year group of former C.P.A. § 48 to the three-year group of present C.P.L.R. § 214. The six year limitation was preserved only for causes of action that had accrued before September 1, 1963, and were not barred on that date. C.P.L.R. § 218(b). Appellant's cause of action accrued when he was dismissed on September 23, 1963, more than five years before he commenced his action.

2. See 392 U.S. at 279, 88 S.Ct. 1913. Uniformed Sanitation Men Association v. Commissioner of Sanitation, 1968, 392 U.S. 280, 284, 88 S.Ct. 1917, 20 L.Ed.2d 1089, does not intimate a finding of validity in other applications of the statute.

that might otherwise have justified resort to declaratory relief, and the present action really sought the specific relief of a mandatory injunction to reinstate plaintiff and a damage award for back pay. Moreover, the action is not even in form the state court action for a declaratory judgment but is a federal declaratory judgment action, 28 U.S.C. § 2201. As such it is not characterized by its state law analogue but by the basic nature of the suit in which the issues involved would have been litigated if the Declaratory Judgment Act had not been adopted. American Safety Equipment Corp. v. J. P. Maguire & Co., Inc., 2d Cir. 1968, 391 F.2d 821, 824; Luckenbach Steamship Co. v. United States, 2d Cir. 1963, 312 F.2d 545. In this case, that suit would be one under the Civil Rights Act for specific relief and damages, and to it Section 214, subdivision 2, would apply, as *Swan* held.

The final order dismissing the action is affirmed.

It noted that in some circumstances a public employee could be required to answer proper questions about his performance of his work on pain of dismissal, for then his "immunity" from prosecution "would not be at stake," as it was under the statute involved in both *Gardner* and *Uniformed Sanitation Men*. See The Supreme Court, 1967 Term, 1968, 82 Harv. L.Rev. 63, 203–207 and, particularly, notes 8 and 14.