James F. REGAN, Plaintiff,

v.

Joseph F. SULLIVAN et al., Defendants.

No. 75 C 139.

United States District Court, E. D. New York.

July 30, 1976.

Guggenheimer & Untermeyer, New York City, for plaintiff, by David M. Brodsky, Joan Ross Sorkin, New York City.

David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for defendants Sullivan, Van Nostrand, Jules & Grattan, by Prosper K. Parkerton, Asst. U. S. Atty., Brooklyn, N. Y.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is a civil action for money damages for alleged violations of plaintiff's constitutional and civil rights by federal agents and New York City police officers stemming from his arrest and detention on November 15–16, 1973. Plaintiff's cause of action against the federal defendants is founded directly upon the Constitution as defined in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); against the police officers under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and against all defendants on a claim of conspiracy under 42 U.S.C. § 1985. The court is also asked to exercise pendent jurisdiction over the following claims under New York law: slander, defamation of character, invasion of privacy, false arrest, abuse of process and malicious prosecution.

The federal defendants now move for judgment of dismissal on the pleadings, Rule 12(c), F.R.Civ.P. Their motion is granted.

### I

Defendants first move for judgment on the constitutional claim on the ground that plaintiff's action is barred by the statute of limitations. Their motion squarely raises the question of what statute of limitations applies to a *Bivens* type action, an issue upon which authority is surprisingly scarce.

Plaintiff's claim arises out of acts of federal investigative officers on November 15–16, 1973, and arguably up to dismissal of the criminal complaint November 27, 1973. The complaint in this action was filed, tolling the statute, on January 29, 1975.

Defendants argue that the court should look to New York law to determine the applicable period, that New York's one-year statute, CPLR § 215, is the most appropriate, and therefore that the action is time-barred.

Plaintiff strongly opposes, arguing, first, that the court should fashion a purely federal limitations period of two years based on the Federal Tort Claims Act procedure, 28 U.S.C. § 2401(b); secondly, that New York's three-year period applied to actions under 42 U.S.C. § 1983 is most appropriate; or thirdly, that the general limitations provisions, six years under CPLR § 213, should apply, making the action timely.

Courts have not infrequently been confronted with the problem of defining the most appropriate statute of limitations for federal causes of action, based on federal statutory law. It goes without saying that, for the present cause of action, implied from the Constitution itself, no explicit statute of limitations has been prescribed.

■ Where Congress has provided no specific limitations period for a federally created cause of action the court will generally look to state law for the federal rule of decision. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (42 U.S.C. § 1981); *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (Labor Management Relations Act); *Cope v. Anderson*, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947) (National Bank Act); *Campbell v. City of Haverhill*, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895) (Patent Act); *Swan v. Board of Higher Education of City of New York*, 319 F.2d 56, 60 (2 Cir. 1963) (42 U.S.C. § 1983). Only when uniformity is particularly necessary or when the nature of the federal right demands a particular statute of limitations will the

court create a special federal limitations period. *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958) (unseaworthiness claim joined with Jones Act action); *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (federal rule on fraudulent concealment). See *Chevron Oil Co. v. Huson*, 404 U.S. 97, 104, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

Plaintiff has urged the adoption of a purely federal statute of limitations on grounds of uniformity. But it must still be asked what sort of uniformity is desired or thereby effected: nationwide uniformity among federal courts for all *Bivens* actions; uniformity as between treatment of this right and of its analogue, the Civil Rights Act; or uniformity as between treatment of this federal right and of State rights of a related conceptual character. *Cf. Moviecolor Limited v. Eastman Kodak Co.*, 288 F.2d 80, 85 (2 Cir. 1961).

What kind of uniformity will result based on the suggested statutes? Plaintiff first suggests reference to the Federal Tort Claims Act since, by reason of the recent 1974 amendments, claims arising out of acts of assault, battery, false arrest, malicious prosecution and the like by federal investigative or law enforcement officers may now be maintained against the United States. In plaintiff's view, where the facts underlying plaintiff's *Bivens* claim against the federal agents might also be in the subject of a tort claim against the United States, the statute of limitations should be the same for both actions.

■ Plaintiff's argument that a federally created cause of action, implied from rights guaranteed in the U. S. Constitution against individuals who are federal officers acting under color of authority, should be controlled by a uniquely federal statute of limitations is an appealing one. However, it encounters an insuperable practical obstacle—no uniformity would in fact result. Not only do the elements of a *Bivens* claim and an intentional tort differ, but the two-year period of 28 U.S.C. § 2401(b) refers not to the time for commencement of an action,

but for filing the requisite administrative claim. No other federal analogue has been presented. In the absence of any analogous federal statute to which the court may turn for guidance and which would produce the uniformity desired, the court is not free to indulge in such judicial legislation as the *ex parte* creation of a limitations period would require.

As an alternative, plaintiff argues that, inasmuch as a *Bivens* action is the counterpart, for federal officers, of the Civil Rights Act, 42 U.S.C. § 1983, the same statute of limitations should apply to both actions to prevent the incongruity of different results under different phases of federal law, citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 456 F.2d 1339 (2 Cir. 1972) (on remand from the Supreme Court on the question of immunity). However, such a solution would not effectuate a nation-wide uniformity but logically would create only a State by State uniformity for two similar federal causes of action.

The court must reject the argument that a purely federal period should be created, and therefore turns to New York law as the most appropriate source to determine the applicable limitations period for a *Bivens* action. *Cf. Fine v. City of New York*, 529 F.2d 70, 76 (2 Cir. 1975) (action against City of New York founded directly upon fourteenth amendment governed by N.Y.Gen. Mun.L. § 50–i).

Plaintiff's proposal to incorporate here the statute of limitations governing a § 1983 action rests also on the notion of directly applying New York law. The statute of limitations generally applied in actions under 42 U.S.C. § 1983 is CPLR § 214(2), that is, "an action to recover upon a liability . . . created or imposed by statute." *Swan v. Board of Higher Education, supra; Romer v. Leary*, 425 F.2d 186 (2 Cir. 1970); *Ortiz v. LaVallee*, 442 F.2d 912 (2 Cir. 1971); *Kaiser v. Cahn*, 510 F.2d 282 (2 Cir. 1974).

Plaintiff argues that precedent in this district establishes the three-year period under CPLR § 214(2) as controlling in *Bivens* actions also. See *Ervin v. Lanier*, 404

F.Supp. 15 (E.D.N.Y.1975). The defendants correctly point out, however, that the statement in *Ervin* is *dictum,* inasmuch as that suit would in all events have been barred.

■ The rote application of CPLR § 214(2) to *Bivens* actions cannot withstand analysis. A *Bivens* action, founded as it is upon the Constitution, is not, except in the most expansive sense, "created or imposed by statute." Unless a cause of action itself is founded upon a statute, CPLR § 214(2) cannot apply. *New York v. Cortelle Corp.,* 38 N.Y.2d 83, 378 N.Y.S.2d 654, 341 N.E.2d 223 (1975).

Which then is the most appropriate period? The federal defendants most strongly urge adoption of CPLR § 215(3) which provides for a one-year period for actions:

> . . . to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law."

Both cases cited by defendants rely on the analogue of the state intentional tort. See *Felder v. Daley,* 403 F.Supp. 1324 (S.D.N.Y. 1975); *Dailey v. Banks,* Civil Action No. A–74–42 (W.D.N.C. October 4, 1974).

■ The court rejects, as does plaintiff, the notion that a *Bivens* action can be equated with State law intentional torts. The elements of the two claims, as federal defendants were quick to point out with regard to the Federal Tort Claims Act analogy, and the conceptual character of the rights are distinctly different.

As the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, supra,* aptly stated:

> "[T]he Fourth Amendment operates as a limitation upon the exercise of federal power regardless of whether the State in whose jurisdiction that power is exercised would prohibit or penalize the identical act if engaged in by a private citizen." (*Id.,* 403 U.S. at 392, 91 S.Ct. at 2002).

> \*      \*      \*      \*      \*      \*

> "[T]he Fourth Amendment is not tied to the niceties of local trespass laws."

(*Id.* at 393–94, 91 S.Ct. at 2003). "The interests protected by state laws regulating trespass and the invasion of privacy, and those protected by the Fourth Amendment's guarantee against unreasonable searches and seizures, may be inconsistent or even hostile." (*Id.* at 394, 91 S.Ct. at 2003).

\*      \*      \*      \*      \*      \*

> "[T]he federal question becomes not merely a possible defense to the state law action, but an independent claim both necessary and sufficient to make out the plaintiff's cause of action." (*Id.* at 395, 91 S.Ct. at 2004).

■ The court believes, however, that federal defendants are protected by another New York statutory provision which applies to law enforcement officers in the performance of their duties. That statute reads:

> The following actions shall be commenced within one year:
>
> 1. an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the non-payment of money collected upon an execution.

N.Y. CPLR § 215(1).

The fourth amendment operates as a limitation upon "official conduct." Although this court, constrained by authority, ruled that the cause of action alleged here, founded as it is upon the Constitution, imposes a personal liability and therefore defendants must be sued in their individual and not their official capacities, it cannot be gainsaid that the cause of action in fact grows out of acts of defendants performed within the outer perimeter of their authority as federal agents. Thus the liability sought to be imposed rightfully may be said to have been incurred by defendants doing acts in their official capacities.

It remains only to ascertain whether application of the State statute unfairly discriminates against a cause of action arising under a federal statute. *Sola Electric Co. v. Jefferson Electric Co.,* 317 U.S. 173, 176, 63 S.Ct. 172, 87 L.Ed. 165 (1942); *Caldwell*

*v. Alabama Dry Dock & Shipbuilding Co.,* 161 F.2d 83 (5 Cir. 1947). See *Swan v. Board of Higher Education, supra,* 319 F.2d at 60. The court concludes that a one-year period does not so intrude.

A claim arising out of an arrest situation—state or federal—is, as here, most often of the "confrontation" type and usually accompanied or followed by prompt appearances in a police station or before a court or magistrate. There appears to be no good policy reason for allowing a plaintiff claimed to be injured by such law enforcement action to have more than one year in which to discover whether his constitutional rights were violated. Law enforcement officers would be placed at a distinct disadvantage and effective action in making arrests would inevitably be inhibited if such officers had to wait for two, three or more years to find out whether or not they would be subject to some large civil liability at a time when memories were dim and witnesses and records perhaps not available.

This is undoubtedly the sound reason for New York's one-year limitation period. When judges and prosecutors are given complete immunity for their actions, the court should not be quick to extend the potential liability of those who perform the essential and often hazardous task of bringing accused persons before the court.

The court therefore holds that the one-year statute of limitations of New York's CPLR § 215(1) applies to plaintiff's cause of action founded upon the Constitution and that the claim is time-barred as against the federal defendants.

## II

■ The federal defendants also move for judgment on plaintiff's claim under the Civil Rights Act of 1861, 42 U.S.C. § 1985, which provides that an action for damages may be maintained against persons who have conspired to interfere with one's civil rights.

An essential element of a claim under § 1985 is the existence of a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspira-

tors' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). It appears from the face of the pleadings that the requisite animus is lacking and that no claim based on any racial or class-based invidious type of discrimination is alleged. See *Arnold v. Tiffany,* 487 F.2d 216 (9 Cir. 1973) *cert. denied,* 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974). Defendants' motion dismissing the claim under 42 U.S.C. § 1985 is therefore also granted.

## III

Defendants finally move for judgment on all claims under New York law on grounds that they are barred by the applicable New York statute of limitations for intentional torts, CPLR § 215(3). Plaintiff does not dispute that the one-year limitation applies, see *Constant v. Kulukundis,* 125 F.Supp. 305 (S.D.N.Y.1954), but argues that the torts sued upon accrued within one year of commencement of his action.

■ Plaintiff argues that his claim of defamation is continuing in nature and accrued, not on the date the first act constituting the tort was committed, but rather on the date of each subsequent injury. Under New York law, however, a cause of action for defamation arises when the defamatory material is first made public. *Gregoire v. G. P. Putnam's Sons,* 298 N.Y. 119, 81 N.E.2d 45 (1948); *Sorge v. Parade Publications, Inc.,* 20 A.D.2d 338, 247 N.Y.S.2d 317 (1st Dept. 1964).

■ The first act of alleged defamation, the publication of newspaper articles stating that plaintiff had been arrested and charged with robbery, occurred November 17, 1973. This was more than one year prior to the commencement of this action.

■ Plaintiff's second contention, that a police officer's use of a photograph for identification purposes is of a defamatory nature is without merit. Nor does such an act constitute an invasion of privacy under New York Civil Rights Law, § 50, *et seq.* That law bars commercial use of a photograph. *Rand v. Hearst Corp.,* 26

N.Y.2d 806, 309 N.Y.S.2d 348, 257 N.E.2d 895 (1969). Absent the use for purposes of trade or advertising one's facial characteristics are not the subject of privacy under New York law.

The court must conclude that all pendent State law claims are time-barred, as beyond the one-year limitation period of CPLR 215(3).

In any event, in light of the dismissal of the federal claim, it is clear that absent any independent federal jurisdictional basis, the pendent State law claims must also be dismissed. *Aldinger v. Howard,* —— U.S. ——, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Kavit v. A. L. Stamm & Co.,* 491 F.2d 1176, 1180 (2 Cir. 1974).

Accordingly, federal defendants' motion for judgment on the pleadings is granted on all claims against them. There being no just reason for delay, the Clerk of the Court is directed to enter judgment in favor of defendants Joseph F. Sullivan, George Van Nostrand, Francis R. Jules and Donald J. Grattan dismissing the complaint as to those defendants. Rule 54(b), F.R.Civ.P.

SO ORDERED.