Morris Eder, J.
Defendant moves for judgment on the pleadings and admissions, pursuant to rule 112. of the-Buies of Civil Practice and section 476 of the' Civil: Practice Act, dismissing the complaint upon the grounds that the cause did'not accrue within the time limited by law for- the commencement of the action and that, in any event, it is barred by- laches.
The action by plaintiff, a schoolteacher, is for a declaratory judgment against the Teachers’1 Eetirement Board' that- she is entitled to have a prior service certificate, certifying to 14‘years, 10 months and 21 days of prior outside teaching service;. The dispute actually centers about the requirement of the board that she pay into the reserve fund the sum of $6,-570;31 as of "September 1, 1953, the current cost at plaintiff’s then salary level; that being the time of her demand that she be granted'such certificate, and her contention that she need pay only the. amount, to purchase that credit under her entrance salary schedule of 1941, which she computes as approximately $1;500. Plaintiff, of course, concedes that she would naturally be obliged' to pay interest from 1941 to the actual date of payment.
The fact that this is an action for. a declaratory judgment does not mean that plaintiff may escape the four-month- Statute of Limitations governing an article 78 proceeding against a public officer or agency (Civ. Prac. Act, § 1286). Where the gravamen of the cause and its ultimate objective is essentially the same, the action is controlled, by the. period of limitations applicable to the equally available-article 78 proceeding (Riesner v. Young, 198 Misc. 624; Kobbe v. McNamara, 82 N. Y. S. 2d 294),
While section 1286 imposes a four months’ limitation for the proceedings therein included, a vital distinction should be noted between a - proceeding “ to review- a determination ”, formerly denominated' ‘ ‘ certiorari ’ ’, and a proceeding 1 * to compel-performance of a duty specifically enjoined by law ”, formerly referred to as “ mandamus ”.' The four-month period runs from the time that a determination, involving the exercise of quasi-judicial discretion, becomes final and binding, but, where the relief sought is to compel performance of a ministerial., duty mandated by law, the time does not run until'there has been a refusal after demand to perform that duty The. principió' is easily stated but its application often troublesome in deciding *169 in a particular case whether the relief sought is the review of a determination involving judgment or discretion as distinguished from a demand for the performance of a ministerial act enjoined by law upon the public body or officer. Where the proceeding is in the nature of a mandamus, as to which prior to the enactment of article 78 in 1937 there was no Statute of Limitations at all, petitioner controls the time of institution of the proceeding which depends on his demand for the mandated action as a preliminary requisite, subject only to the claim being barred because of laches in making the demand after acquiring knowledge that his rights have been adversely affected (Matter of Amsterdam City Hosp. v. Hoffman, 278 App. Div. 292).
Since plaintiff’s complaint here is that she did not get a proper prior service certificate when she entered city service in 1941, at which time the payment for such credit would have been based on her initial salary, and since she did not commence this action until 1955, within four months after the refusal of the board to comply with her then demand for such relief, the question of time limitation depends upon whether the board either was under an absolute mandate to grant her the credit claim or failed to perform some ministerial act required by law before making its determination, or whether her right thereto depended upon some element of discretion on its part which was in fact exercised in evaluating or rating the schools listed by plaintiff for her prior service and her experience while there. (See Matter of Gimprich v. Board of Educ. of City of N. Y., 306 N. Y. 401.)
The statute (Administrative Code of City of New York, § B20-4.0) provides that each teacher shall file with the'board a detailed statement of all prior teaching service, this being done according,to the rules of the board at time of entrance into service. It is then required that ‘ ‘ As soon as practicable thereafter, such board shall verify such statement as to prior-service and shall issue to each teacher a certificate certifying to the aggregate length of his prior-service ”. The actual determination of the length of prior-service, it is clear, is to be based upon an evaluation of the outside teaching experience thus verified and “ shall be the amount of time determined-by the actuary to ,be equivalent to the time which would have been rendered in city-service, had the reserves received on behalf of such new-entrant been paid into the retirement system under the salary schedule in which such new-entrant begins service ”.
■The law does not compel an automatic grant of certificate for prior teaching experience but calls for fact-finding and the *170 exercise of discretion in determining whether such schools and the teacher’s service therein qualify and in computing the equivalency of such experience in terms of city service.
Defendant therefore urges that the issuance to plaintiff of a certificate in 1941 certifying to “ 0 years 0 months and 0 days.” of prior service constituted a determination which could not be reviewed in the courts after four months from date thereof.
This motion to dismiss is, however, made on the complaint and admissions and we examine these to see upon what action, or rather inaction, by the board this cause of action is based.
Plaintiff alleges that she duly filed in 1941, at the time of her appointment, a detailed statement with the board of all prior service rendered by her in schools not maintained by the City of New York; that the board “ did not verify such statement as to prior service as required by law ” but issued to her a “ Work Sheet ’ ’ simply stating, under the heading of ‘ ‘ Outside Service ’ ’ the following*: “ Outside service not. allowable for retirement purposes ”; that the board, “ without verifying plaintiff’s statement ”, issued a certificate wrongly stating “That the Eetirement Board has verified such statement of prior service and hereby certifies to said contributor that she is entitled to an aggregate credit of ‘ 0 ’ years, ‘ 0 ’ months and 1 0 ’ days as a Prior Service Allowance ”; that on July 24, 1953 the board.did on plaintiff’s application verify plaintiff’s statement and issued to her “ a letter certifying the aggregate length of her prior service to be 14 years, 10 months and 21 days ”;. that plaintiff offered then to pay for such credit into the reserve the amount due under the salary schedule when she began service in 1941, but the board requested payment at the current cost thereof in accordance with a resolution adopted December 17, 1952 permitting modification of prior service certificates under certain conditions, including payment “ at current cost thereof ”.
The judgment demanded is for a declaration that she is entitled to such a prior service certificate upon payment on the basis of her entrance salary and that the resolution be declared ‘ ‘ null and void and inapplicable to plaintiff ’ ’. The action was commenced on August 25, 1955, within four months after the final determination of the board on April 26, 1955 refusing plaintiff’s demand. :
The notice to admit (the facts being admitted by failure to deny) is concerned with forms of the board signed by plaintiff in 1941 stating that she had “ carefully reviewed the verification of service claimed on my detailed statement of prior service and have also examined the work sheet showing the evaluation *171 of all prior service claims ” and “1 therefore ask that a prior service certificate be issued granting 0 years 0 months and 0 days credit.”
Plaintiff, it will be seen, is relying not upon an error in evaluation— a matter of judgment or discretion — but upon a failure to perform the preliminary act of verification — a ministerial act specifically enjoined by the statute; in other words, her claim is based on the charge that there was an utter failure to consider her detailed statement on its merits. The relief sought is in the nature of mandamus, to compel the board to perform its continuing duty to verify her statement and then treat it for all purposes under the law as of the date when originally submitted for that purpose and when that duty was required to have been performed. Considered in this light the action has been timely commenced insofar as section 1286 is involved.
The question as to whether plaintiff can prove that there was such complete failure to consider her statement and that the work sheet merely represented a perfunctory conclusion, without verification or consideration, will be determined at the trial. If it should appear that the work sheet was the result of some evaluation of her statement, then her claim should be deemed barred by the four-month statute governing review of a determination by a public body.
As to the 1952 resolution: Although there are allegations indicating plaintiff’s intention to attack it as unconstitutional, actually her contention is that it is inapplicable to a case where a prior service certificate of no prior service was issued without any verification as required by law, thus entitling the party aggrieved to her rights as a matter of law rather than of favor.
The final phase of the motion to dismiss is the ground of laches. Although the proceeding or action may have been commenced within the literal statutory period of four months following refusal of a demand to perform a mandated act, the courts have been loath to allow recovery where the complainant is guilty of long and inexcusable delay before making a demand as preliminary to starting action. The delay, however, must be one that works disadvantage or injury to defendant, change of position, intervention of equities, or involve other considerations making it inequitable to allow the claim (Feldman v. Metropolitan Life Ins. Co., 259 App. Div. 123; Matter of Williams v. Pyrke, 233 App. Div. 345).
It must be held that neither the complaint on its face nor the notice to admit indicates any reason other than the mere lapse of a time to support the branch of the motion to dismiss for laches, *172 The forms signed by plaintiff may go to.the question of laches and waiver which, together, with: all. the. other, circumstances shown at the trial, may persuade the trial court to» dismiss, on this ground,,but this cannot be done at the.present stage of.the action. Plaintiff, it should be. observed,, urges that there is no prejudice in granting her the relief, requested,, since, the board has in fact verified- her service,, as; shown; by- the, 1.953 letter,, despite the lapse of time, and that payment , with; interest to date will result in no loss to the. fund. Whatever the real facts, this issue must' await the trial. If. plaintiff presents proper proof indicating, that, her action should not be barred,..she is entitled to have her. case decided on the merits..
Defendant will also still have available for the trial, the defense of the Statute of Limitations. The proof .may indicate that the action is barred.. I am simply holding that dismissal on the grounds urged may not be granted solely on the: basis of the complaint and admissions.
The motion is accordingly denied..