In the Matter of CENTRAL SCHOOL DISTRICT No. 2 OF TOWNS OF COEYMANS, NEW SCOTLAND, BETHLEHEM AND NEW BALTIMORE et al., Appellants, *v.* NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents.

Third Department, March 15, 1967.

*Watters & Donovan (John P. Walsh, James B. Donovan* and *David H. Hall* of counsel), for Central School District No. 2, appellant.

*Jack Norden* for Union Free School District, Town of Hempstead, appellant.

*Alfred J. Loew* for Central High School District No. 1, Town of Hempstead, appellant.

*Bruce Bromley* for respondents.

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court, Albany County, dismissing a proceeding brought pursuant to article 78 of the CPLR to challenge the correctness of determinations made by respondents which affect the amounts of contributions assessed against the appellants pursuant to section 517 of the Education Law.

Appellants have advanced five causes of action. In the first cause of action appellants assert that as a result of action taken by the Retirement Board at its April, 1962 meeting, they were overassessed for the deficiency fund (Education Law, § 517,

subd. 2, par. c) for the school year 1962–1963 because the rate fixed produced revenues in excess of the amount necessary to pay up the remaining deficiency which terminated during that year. They seek to recover back this overassessment. In the second cause of action appellants assert that the Retirement Board at its April, 1963 meeting assessed a deficiency for the 1963–1964 school year despite the fact that the deficiency had been liquidated and, in fact, overpaid during the previous school year. Appellants seek to recover back this amount also. In the third and fourth causes of action appellants assert that since 1958 the board had been assessing a " special deficiency contribution " in violation of section 517 (subd. 2, par. c). Appellants seek to have refunded the amount allegedly over-assessed and to prevent further overassessment. In their fifth and final cause of action appellants claim that the board at its March, 1964 meeting improperly assessed a " normal contri-bution " in that it utilized components in calculating the assess-ment not authorized by section 517 (subd. 2, par. b) of the Education Law.

While we find substance in certain of appellants' challenges, particularly as to the use of an interest rate other than that prescribed by subdivision 9 of section 501 of the Education Law and of mortality tables never formally adopted (Education Law, § 508, subd. 4; see, also, Education Law, § 517, subd. 2, par. b), we do not reach the merit of these contentions here because we are constrained to agree with Special Term that the proceeding is barred by the Statute of Limitations and for laches. CPLR 217 provides that: " Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and bind-ing upon the petitioner or the person whom he represents in law or in fact, or after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform its duty ". This four-month limitation clearly bars all allegations which assert the adoption of an arbitrary and capricious actuarial scheme and thus envisage a review in the nature of certiorari. However, the petition also contains allegations that the respondents did not comply with explicit statutory mandates and seeks relief requiring compliance there-with. Thus the proceeding must also be considered as in the nature of mandamus and as such the statutory period of sec-tion 217 would not begin to run until a demand for compliance is made and rejected (e.g., *Matter of O'Connell* v. *Kern,* 287

N. Y. 297, 301). Despite this, however, where a petitioner does not make a reasonably prompt demand and there is no excuse for the elapsed time, the courts have denied the relief sought on the basis of laches (e.g., *Austin* v. *Board of Higher Educ.*, 5 N Y 2d 430). This position is premised on the rationale that a petitioner should not be able to "indefinitely postpone the time to seek relief by delaying the demand" (*Matter of Kleinman* v. *Kaplan*, 20 A D 2d 594; *Matter of Amsterdam City Hosp.* v. *Hoffman*, 278 App. Div. 292). Furthermore, the doctrine of laches involved is not the equitable doctrine of laches and thus "it is immaterial whether or not the delay caused any prejudice" (*Matter of Devens* v. *Gokey*, 12 A D 2d 135, 137, affd. 10 N Y 2d 898). The sole test as we see it is thus whether, under the circumstances of the case, the delay in making the demand was unreasonably protracted (*Austin* v. *Board of Higher Educ.*, *supra*; *Matter of Kleinman* v. *Kaplan*, *supra*; *Matter of Amsterdam City Hosp.* v. *Hoffman*, *supra*). The record reveals that as to the first and second causes of action no demand was made with respect thereto before April 24, 1964, two years and one year respectively after the determination was rendered; that as to the third and fourth causes of action no demand was made until July 20, 1964, over six years after the determination and that as to the fifth cause of action no demand was made until January 29, 1965, over 10 months after the determination. We concur with Special Term's holding that these delays were unreasonable and that the appellants' petition should be dismissed on the basis of laches. We do not find sufficient justification to excuse the delays involved in appellants' assertion that until they received the Marsh & McLennan report, issued January 8, 1964, they could not be expected to be aware of any improper activities by the board. Nor can we agree with their contention that at its March 19, 1964 meeting the board formally reconsidered its determination made at its April, 1963 meeting so as to bring the case within the authority of *Matter of Camperlengo* v. *State Liq. Auth.* (16 A D 2d 342) (see *Matter of Karaffa* v. *Simon*, 14 A D 2d 978). Similarly, we cannot agree with appellants' contention that the doctrine of relation back is applicable here to rescue appellants' fifth cause of action from the bar of laches. CPLR 203 (subd. [e]) deals solely with the Statute of Limitations and as such is not controlling on issue of laches (see *Matter of Singer* v. *Schechter*, 17 A D 2d 204, 206). Finally we find no merit in appellants' argument that the proceeding will lie because there is involved a violation of "continuing statutory duty" (*Matter of Kleinman* v. *Kaplan*, *supra*).

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and GABRIELLI, JJ., concur in opinion per REYNOLDS, J.

Judgment affirmed, without costs.