Harold J. Hughes, J.
The defendants, the Board of Regents of the University of the State of New York and the Commissioner of Education, have moved to dismiss plaintiffs’ complaint and the intervenor-plaintiff’s complaint, upon the ground, inter alla, that they fail to state a cause of action, and, in the alternative, for summary judgment; plaintiffs have moved for summary judgment and the intervenor-plaintiff has joined in that motion. Upon the return date of these motions, the court granted the motion of the Commission on Independent Colleges and Universities for leave to file a brief amicus curiae.
The plaintiffs are the trustees of the State University of New York, the Chancellor of the State University of New York, as well as several professors and doctoral students in the history and English departments of the State University of New York at Albany. Their complaint alleges that the Commissioner of Education has determined not to continue his recognition or "registration” of the history and English doctoral programs at Albany. They claim that the commissioner is without power to deregister or order the termination of programs at institutions of the State University; more specifically, they assert that pursuant to chapter 388 of the Laws of 1961, the powers of the regents to supervise and approve the actions of the trustees of the State University were abolished, except for the power to review and approve the trustees’ master plan, and that no amendment to the master plan has been approved which would affect the present *25 status of the graduate programs in history and English at the Albany campus.
Plaintiffs seek a declaration that the trustees of the State University are charged by law with the responsibility for the provision of standards and regulations covering the organization and operation of university programs, courses and curricula, subject only to the approval of the master plan; that section 207 of the Education Law, if relied upon by defendants to justify the order of the commissioner, is an unconstitutional delegation of legislative power; that the regulations of the commissioner regarding the registration of curricula are not binding upon the State University; and that the directives of the commissioner to terminate the doctoral programs in English and history are in excess of the lawful powers of the commissioner and are null and void.
The court first finds that plaintiffs’ complaint states a cause of action for declaratory relief and that, insofar as it seeks a determination whether the Commissioner of Education has the power to approve, register and terminate programs at the State University of New York, it is not time-barred. Insofar as the plaintiffs’ complaint seeks to review the determination of the commissioner revoking the registration of the history doctoral program on the ground that such determination was arbitrary or an abuse of discretion, it is untimely since the action was not commenced within four months of the determination to be reviewed (CPLR 217). A party may not circumvent the short Statute of Limitations provided for article 78 proceedings by the device of instituting an action for a declaratory judgment (see Calder v Teachers’ Retirement Bd., 4 Misc 2d 166, 168). The determination to discontinue the English doctoral program was, however, made within four months of the institution of this action. By letter dated April 29, 1975 the commissioner issued a determination to the chancellor of the university that the doctoral program in history at the State University of New York at Albany would not be renewed after the registration expired on September 1, 1975; by letter dated December 1, 1975 the commissioner issued a similar determination with regard to the English doctoral program. The papers submitted to the court recite in great detail all of the steps which led to those determinations and set forth the various reports and recommendations upon which the determinations were based.
The first issue before the court is whether the Commissioner *26 of Education has the power to approve, register and terminate graduate programs in the State University system. The court holds that the commissioner has that power.
The commissioner’s regulations provide that every curriculum offered in institutions of higher education must be registered, and general standards for the registration of undergraduate and graduate curricula are set forth (8 NYCRR 52.1 et seq.). The commissioner’s authority to establish regulations governing the registration of courses of study was granted by the regents (8 NYCRR 13.1). The statutory authority for the regents’ directive to the commissioner is found in section 207 of the Education Law.
Section 207 provides that the regents shall exercise legislative functions concerning the educational system of the State, determine its educational policies, and establish rules for carrying into effect the laws and policies of the State relating to education. This is a broad grant of power; under the power to determine educational policy, it appears the regents were well within their authority to provide, through the commissioner, for the registration of courses in institutions of higher education in the State.
In support of this conclusion, the court points out that the Board of Regents is a constitutional body which was created in 1784 under the name of the Regents of the University of the State of New York (NY Const, art XI, § 2). The University of the State of New York (not to be confused with the State University of New York) is the name given to the entire educational community under the jurisdiction of the Board of Regents. It includes "all institutions of higher education which are now or may hereafter be incorporated in this state” (L 1892, ch 378; see Education Law, § 214).
As of 1784, the regents were vested with full power and authority to make ordinances for the government of the colleges which should compose the university. In 1892, prior to the adoption of the 1894 Constitution, the Legislature granted broad powers to the regents; these powers included the power to charter institutions and colleges, and the legislation prohibited institutions not holding university or college degree-conferring powers from assuming the appellation of college or university or conferring degrees. These and other powers were, in effect, confirmed by the Constitution of 1894 (see Institute of Metropolis v University of State of N. Y., 159 Misc 529, affd 249 App Div 33, affd 274 NY 504).
*27 In its amicus curiae brief, the Commission on Independent Colleges and Universities notes that since 1787 the regents have registered programs and since 1910 they have conducted such registration through the commissioner. In construing the statute to allow the regents, through the commissioner, to register programs, the court relies not only on the historical grants of extensive power to the regents, but also on the rule that a long continued course of action by those administering a statute is entitled to great weight (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 129). Moreover, it would appear that the Legislature has recognized the existence and exercise of this authority (Education Law, § 224, subd 4).
The court rejects plaintiffs’ contention that section 207 of the Education Law is an unconstitutional delegation of legislative power. In Matter of Levine v Whalen (39 NY2d 510), the court observed that in many cases the Legislature has no alternative but to enact statutes in broad outline, leaving to administrative officials enforcing them the duty to arrange the details. In Matter of Levine, section 2800 of the Public Health Law, which gives the Department of Health the responsibility for the development and administration of the State’s policy with respect to hospital and related services, was upheld. The court stated that the standard, "to provide for the protection and promotion of the health of the inhabitants of the state”, was not so vague and indefinite as to set no standard or to outline no policy. Similarly, in the case at bar the regents have the responsibility for developing and administering the State’s educational policy. The standard to be applied, "to encourage and promote education” (Education Law, § 201), is comparable to that approved by the court in Matter of Levine.
The court also rejects plaintiffs’ contention that notwithstanding the existence of any power the regents and the commissioner may have to register programs in other institutions, they have no power to approve programs in the State University of New York. The State University of New York was created by the Legislature on July 1, 1948 (L 1948, ch 695; Education Law, § 352) as a corporation within the State Education Department and the University of the State of New York. In 1961, chapter 388 of the Laws of 1961 gave the Board of Trustees of the State University of New York the authority to administer the internal affairs of the State University. Nothing contained in that statute, or in the legislative history leading to its passage, indicates that the State University was *28 to become sui generis and not subject to the same requirements imposed by the regents and commissioner on private institutions of higher education in this State.
As previously mentioned, this action, insofar as it seeks judicial review of the determination revoking the registration of the English doctoral program, is not barred by CPLR 217. However, an examination of the record discloses that there is a rational basis to support the determination of the commissioner (see Matter of Pell v Board of Educ., 34 NY2d 222, 231), whether that determination rested on the general standards set forth in his regulations (8 NYCRR 52.2) or on the more particular reasons relied upon in issuing his decision.
Defendants are entitled to a judgment declaring that the Regents of the University of the State of New York and the Commissioner of Education have the authority to review and evaluate academic programs offered by the State University of New York for the purpose of determining whether such programs should be registered and that such authority exists independent of the higher education master plan authority of the regents pursuant to section 237 of the Education Law; and that the commissioner’s determination in refusing to reregister the doctoral programs in English was neither arbitrary nor capricious and that the determination not to reregister the doctoral program in history is not subject to review in this action; and upon their counterclaim, defendants are entitled to the entry of a judgment enjoining the plaintiff trustees and chancellor from offering the doctoral programs in English and history at the State University of New York at Albany until such programs are registered as required by law, except that the commissioner may authorize the continuation of such programs until all students currently enrolled therein have completed the programs.