OPINION OF THE COURT
Max Bloom, J.
This is a motion for a temporary injunction. The facts are substantially undisputed.
The complaint alleges in the first cause of action, that the plaintiffs are all lieutenants in the New York City Fire Department; that they took and passed a competitive civil service examination for promotion to the rank of captain and, on March 8, 1973, were certified as duly eligible for appointment to that rank; and that although they have not yet been so promoted, the city’s department of personnel conducted a written civil service examination for promotion to captain on June 11, 1977, and that it intends to certify and promulgate a new list of those eligible for promotion to captain. It further asserts that under the collective agreement between the city and the union representative of plaintiffs, the city agreed that, to reduce excessive overtime paid by the city and to avert *712 having fire officers act out-of-title, it would make appropriate promotions. There are further averments that the city violated these collective agreement provisions by consequence of which one of the plaintiffs has filed a grievance which is currently in process of determination. It concludes with the allegations that there are now vacancies in the position of captain for which budgetary appropriations have been made; that the certification and promulgation of the new list would terminate the life of the list presently in existence and that certification and promulgation of the new list before the grievance procedure has been exhausted would leave them without remedy. They seek, therefore, to enjoin the certification and promulgation of the new list and collateral relief.
The second cause of action is bottomed upon an amendment to section 56 of the Civil Service Law (L 1976, ch 443), which vests in the Municipal Civil Service Commission, the power to extend a civil service list where there has been a restriction in filling vacancies for a period, equal to the restriction. It is alleged that during the city’s fiscal stringency, the filling of vacancies was prohibited from June 14, 1974 to March 20, 1976; a period of 21 months, 6 days; that in exercising the power conferred by the amendment to section 56, the list was extended from March 7, 1977 to March 31, 1978, a period of 12 months, 24 days; and that the éxtension was arbitrary, illegal and void. It seeks a direction requiring the extension to December, 1978.
It is plain, even upon a cursory reading, that the second cause of action cannot serve as the predicate for any relief, much less the temporary relief sought. Section 56 of the Civil Service Law, as amended in 1976, gave the Civil Service Commission discretionary power to extend the 1973 list. However, it contains ambiguous language. In appropriate part, it reads that the commission "shall [in its discretion] * * * extend the duration of any eligible list for a period equal to the length of such restriction against the filling of vacancies.” Emphasizing the word "shall”, it is plaintiffs’ contention that it gave discretion to the commission to grant an extension, but once the discretion was exercised, the commission was mandated to grant an extension equal to the length of the restriction. This endeavor to pull an elephant through a keyhole is set to rest by the last sentence of section 56 which, so far as is here applicable, reads "An eligible list that has been in existence for one year or more shall terminate upon the *713 establishment of an appropriate new list”. Thus, the claimed requirement that the extension must be for the same period as the restriction would be purely illusory. Any such extension could be terminated by the certification and promulgation of a new list. Inasmuch as the Legislature made no endeavor to interfere with this discretionary power of the commission, it is plain that it intended that both the power to extend and the duration of the extension were both discretionary, save only that in no event could they exceed the duration of the restriction.
There is, moreover, an additional reason for holding that the second cause of action affords plaintiffs no basis for relief. If, arguendo, we assume the correctness of the interpretation given by plaintiffs to section 56, once the commission exercised its discretion and decided to extend the list, it was bound, as a matter of law, to extend it to December, 1978. In failing to do so, it acted in excess of its jurisdiction. Additionally, its determination was affected by an error of law.
So construed, the action of the commission falls within the ambit of article 78 (CPLR 7803), and must be brought within four months after the commission’s determination becomes final and binding (CPLR 217). Plaintiffs are without power indirectly to extend the time by seeking injunctive or other equitable relief (Colodney v New York Coffee & Sugar Exch., 4 AD2d 137, affd 4 NY2d 698; Berkshire Fine Spinning Assoc. v City of New York, 6 AD2d 252, affd 5 NY2d 347; Moore v Board of Regents of Univ. of State of N. Y., 89 Misc 2d 23; Calder v Teachers’ Retirement Bd., 4 Misc 2d 166). Inasmuch as the decision to limit the extension of the list was taken, at the latest, in December, 1976, it is now too late to review that administrative decision.
Even if the proceeding be deemed one in the nature of mandamus, in which the statutory period prescribed in CPLR 217 would not begin to run until a demand for compliance had been made and refused (Matter of Central School Dist. No. 2 v New York State Teachers’ Retirement System, 27 AD2d 265), a demand made a year after the determination constitutes laches and cannot serve to revive the claim (Matter of Tilt v Krone, 31 AD2d 561; Matter of Central School Dist. No. 2 v New York State Teachers’ Retirement System, supra).
Thus, if the second cause sets forth any basis for action, it is time-barred.
The first cause of action is bottomed on the alleged *714 pendency of a grievance which has not completely wound its way through the labyrinth of procedures prescribed by the collective agreement. The problem besetting this claim is that prior to the submission of the papers there had been a final determination of the grievance. The grievance has proceeded through step four of $ie grievance procedures. Step five is arbitration and under the collective agreement, only the union has the right to shepherd the grievance through the final step. Here, the grievance is by a single plaintiff. The union is not involved. Hence, the determination of the Director of Municipal Labor Relations is here the final rung on the ladder. Inasmuch as it is adverse to the grievant it affords no basis for the relief sought.
The motion is, therefore, denied.