■ In the Matter of EDWARD ELLIOTT, Also Known as EDWARD CHARLES, et al., Appellants, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to pay to each petitioner the sum of $40 allegedly owing to them pursuant to subdivision 2 of section 125 of the Correction Law, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated June 7, 1976, which dismissed the petition. Judgment modified, on the law, by adding to the end of the decretal paragraph thereof the following: "except that the petition is granted to the extent that the respondents are directed to pay petitioner Elliott the sum of $40." As so modified, judgment affirmed, without costs or disbursements. Petitioners, alleged parole violators, were incarcerated at the Ossining Correctional Facility. Each petitioner was ultimately restored to parole and released. They claim that upon their release each was entitled to the sum of

$40 pursuant to subdivision 2 of section 125 of the Correction Law, which provides: "2. The superintendent of each of said [correctional] facilities shall furnish to each inmate who shall be discharged or released from said facility by pardon, parole, conditional release or otherwise, except such inmates as are released for return for resentence or new trial or upon a certificate of reasonable doubt, and except such inmates who are released to participate in a program outside the facility who are required to return to the facility, suitable clothing adapted to the season in which he is discharged not to exceed sixty-five dollars in value, forty dollars in money, and transportation to the county of his conviction or to such other place as the commissioner of correctional services may designate." The claims of petitioners Hawkins, Nieves, Clarke and Hunt are barred by laches, because they failed to demand from respondents the money allegedly owed them within a reasonable time after their release (see *Matter of Central School Dist. No. 2 v New York State Teachers Retirement System,* 27 AD2d 265). Petitioner Elliott, on the other hand, first demanded his $40 on the day of his release on May 12, 1975. Respondents at first refused his demand, but then assured him that he would receive the money. Consequently, the four-month period of limitation set forth in CPLR 217, which runs from "respondent's refusal, upon * * * demand * * * to perform its duty", did not bar the instant proceeding which was commenced in November, 1975. Elliott was incarcerated at the Ossining Correctional Facility from March 24, 1975 until May 12, 1975 as an alleged parole violator. After a preliminary parole revocation hearing on April 25, 1975, petitioner was declared delinquent. However, while he was awaiting a final parole revocation hearing, the Parole Board canceled the declaration of delinquency and he was released. Since petitioner was confined to an institution under the jurisdiction of the State Department of Correctional Services, he resumed service of his sentence once he was declared delinquent after the preliminary hearing (see Penal Law, § 70.40, subd 3, par [b]; 9 NYCRR 8004.3 [a]). Consequently, as a person confined "under sentence of imprisonment" he should have been classified as an inmate of a correctional facility (see Correction Law, § 2, subd 4, par [a]), entitled to a release stipend of $40 pursuant to subdivision 2 of section 125 of the Correction Law. We are aware that Ossining also serves as an adjunct to the New York City correctional institutions (7 NYCRR 100.26). However, it is provided by statute that after a declaration of delinquency at a preliminary hearing, the alleged parole violator should be returned to a State correctional facility, unless he requests, or the board specially orders, a local final parole revocation hearing (Executive Law, § 259-i, subd 3, par [e]). Therefore, petitioner's designation as an "inmate of a correctional facility" does not violate "custom" or legislative intent. Martuscello, J. P., Titone and Rabin, JJ., concur; Hawkins, J., dissents and votes to affirm on the opinion of Mr. Justice Sullivan at Special Term.