OPINION OF THE COURT
Burton S. Sherman, J.
In this CPLR article 78 proceeding, the petitioner an owner of real property seeks a judgment against the Bureau of Water Register canceling a water and sewer charge against his property.
The petitioner owned the premises located at 2131-2139 Eighth Avenue in the Borough of Manhattan. There was a water meter on petitioner’s property designated as No. 4335. On March 28, 1966, the petitioner conveyed that portion of the property designated 2139 Eighth Avenue to St. Stephen Community A.M.C. Church. Petitioner still owns the remaining property identified on the tax map of New York as Lot 47, Section 7, Block 1848. The property conveyed to the church is identified as Lot 50.
At the time of the conveyance the petitioner allegedly notified the respondent of this fact. While there is no documentary evidence of this alleged notification, the fact *115 that charges on meter No. 4335 for the water consumed for the period of November 14,1968 to June 30,1978 and June 30, 1978 to August 16, 1979, were originally billed to Lot 50, the church’s property, would at least be some indication that the respondent received notice of the conveyance in 1966. The charges were subsequently canceled on Lot 50 and billed to Lot 47, the petitioner’s property. In addition, this court finds the latest that the respondents would have been on notice was on December 7, 1970, when it prepared and sent to the church a bill for arrears of taxes for Lot 50.
This bill also shows sewer rent interest due of $614.11. Since this proceeding involves charges for the water consumption and sewer use, the respondents appear to have billed both Lots 47 and 50 for sewer use on Lot 50. The petitioner in 1973 again notified the respondents that the water meter No. 4335 located on his premises was serving the adjoining church property.
There is no indication as to why petitioner was not also billed for the period of March 28,1966, the day that Lot 50-was conveyed to the church until November 14,1968, or to whom if anyone such charges were billed. There is no dispute that while the meter was on petitioner’s lot the water and sewer charges were incurred by the church who actually consumed the water. Meter No. 4335 was removed on August 16, 1979, and the church has since installed its own tap and meter. Despite all the foregoing, the petitioner was billed for the afore-mentioned charges for the first time on June 30, 1980, 14 years after the conveyance.
The first matter for this court to determine is the affirmative defense of the Statute of Limitations which respondents have asserted in their answer. The respondents contend that since the water charges were billed to petitioner’s lot on June 30, 1980, more than four months had elapsed prior to service of this notice of petition. This proceeding is in the nature of mandamus to review an administrative determination, therefore the Statute of Limitations only begins to run when the determination becomes final. The court therefore finds that this proceeding was timely commenced as the four-month period did not begin to run until December 18, 1980, the day petitioner was given written notice that his property would be *116 charged. (See Matter of Central School Dist. No. 2 of Town of Coeymans v New York State Teachers’ Retirement System, 27 AD2d 265.)
The respondents further contend that their determination to bill petitioner was governed by the rules and regulations promulgated by the Department of Water Supply, Gas and Electricity, predecessor to the respondent Bureau of Water Register. The rules and regulations at section 109 state: “A separate tap and service shall be installed for each building located on a street in which there is a City water main. No consumer will be allowed to supply water to other persons or premises”.
It would appear that since this regulation bars any person from supplying any third party with water, the owner of a parcel of property is liable for water charges measured by any meter located on his premises. Therefore, the respondents’ determination to charge petitioner’s lot based upon the above regulation, would under normal circumstances be based in sound reason. However, in this particular proceeding the respondents’ determination is without sound basis in reason in that it disregards the facts. The respondents have been on notice that Lot 50 was conveyed to the church for a period of at least 11 years. The respondents have a duty to install or cause to be installed water meters (see Administrative Code of City of New York, § 734 [4]-1.0). Therefore to allow respondents to benefit from their own inactions would be inequitable. Also, the determination to bill petitioner for water and sewer charges covering a period of 11 years, some 14 years after the creation of Lot 50, resulted in extreme prejudice to petitioner. If the petitioner had received timely bills for the water charges, he could have taken appropriate action, at an earlier date, to compel the respondents to install or have installed, a tap and meter on the church’s premises. Accordingly, to allow respondents to benefit from their failure to install or have installed a meter on Lot 50 and their failure to bill petitioner for water charges as they were incurred, whether intentional or merely negligent, would be a manifest injustice. While estoppel against a municipality is not readily applied, the court finds this proceeding to be an unusual and extremely compelling *117 situation, therefore respondents are estopped from assessing petitioner’s Lot 47 with the water and sewer charges for meter No. 4335. (See Matter of Faymor Dev. Co. v Board of Stds. & Appeals of City of N.Y., 45 NY2d 560.)