■ In the Matter of HAROLD W. MARTIN et al., Respondents, v WILLIAM J. RONAN et al., Appellants, and LEON J. ROBINSON et al., Intervenors-Appellants.—Judgment, Supreme Court, New York County, entered August 5, 1976, reversed, on the law, without costs and without disbursements, and the petition dismissed. The appeal from the order of said court entered December 10, 1976 which, *inter alia,* denied intervenors-appellants' application to vacate the judgment is unanimously dismissed as academic, without costs and without disbursements. The instant article 78 proceeding commenced by the petitioners-respondents on February 8, 1974, wherein they challenge the validity of a competitive promotional examination held by respondent-appellant. The Manhattan And Bronx Surface Transit Operating Authority (MABSTOA) for the position of Senior Dispatcher is, on this record, time-barred (CPLR 217). By letters dated and mailed on August 31, 1973, each petitioner with the exception of Richard F. Byrne, was notified of the result of his administrative appeal. These appeals, in essence, attacked the nature and conduct of the examination to the extent of questioning its validity. As to Mr. Byrne, his appeal was based on the denial of his request to be rescheduled for the oral portion of the examination. By letter dated and mailed on July 26, 1973 he was informed that the prior April 5, 1973 decision of the MABSTOA examining board refusing to reschedule the test appointment unless the hospitalization was caused by injury on the job, remains. It is not disputed that this proceeding was not instituted until after the expiration of four months from the receipt of these letters. Our dissenting and concurring brethren adopt petitioners' contention that petitioners are not time-barred until they received notice of their final standing on the eligible list as promulgated. Special Term correctly observed "The petitioners allege that the examination was improperly administered"

(order entered July 29, 1976); they "contend that the subject examination was arbitrarily conducted * * * The attack is general, aimed not at the individual grades or rankings of each petitioner, but at respondents' entire pattern of promotional and examination procedures" (order entered Oct. 10, 1974).* The critical date for purposes of determining commencement of the four-month Statute of Limitations is when petitioners were informed that their appeal as to the validity of the examination had been decided. In effect, petitioners have come before the court to ask that the position of Senior Dispatcher obtained by others as a consequence of the subject examination be vacated because the examination was invalid for all. Yet they also claim that they had to first wait and find out whether they would be entitled to such positions pursuant to the promulgation of a final eligibility list before challenging the examination. This argument would result in the incongruous conclusion that the examination was invalid for the purposes of appointing those who have in fact been appointed as a consequence of taking the examination, but would not of necessity be invalid for the purposes of appointing petitioners. Thus stated, petitioners' argument contradicts their critical contention that the examination itself was invalid. Of course, if the issue raised concerned not the invalidity of the examination itself, which invalidity arises herein by virtue of the conduct and administration of the examination and lack of objective standards and criteria applicable thereto, but rather concerned alleged errors in grading proceeding from challenges to the "correct" answers, then the petitioners could well argue that these proceedings are not time-barred. In that circumstance, the petitioners would be challenging their individual grades and not the very validity of the examination (see *Matter of O'Neill v Schechter,* 5 NY2d 548). The fact that petitioners assert a claim for declaratory relief (CPLR 3001) does not serve to remove the statutory time bar of CPLR 217 (see *Kobbe v McNamara,* 5 Misc 2d 741; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR (3001:18, pp 369–370). In view of our conclusion that this proceeding is time-barred, we do not concern ourselves with the merits of the application. Concur—Lupiano, Silverman, Lane and Markewich, JJ.; Kupferman, J. P., dissents in a memorandum and Silverman, J., concurs in part and dissents in part in a memorandum, as follows: Kupferman, J. (dissenting). I would affirm on the opinion of Mr. Justice Asch at Special Term, the report of Referee Gerald Mazur, and the opinion of Mr. Justice Asch confirming the Referee's said report. The method and conduct of the oral examination did not meet the essential test of fairness. *Moreover,* I agree with the concurring opinion of Mr. Justice Silverman that petitioners are not time-barred. They do not act *pro bono publico,* but in their own interest. It was not until they received the notice of their final rating and standing on the eligible list that they were able to determine that they were aggrieved. This is buttressed by the statement on their "notice of result" that they should "keep this notice and the postmarked envelope intact." The latter was obviously for the purpose of determining the running of the Statute of Limitations. Silverman, J. (concurring in part and dissenting in part). I agree with Justice Kupferman that petitioners are not time-barred. I think it is unrealistic to expect a civil service employee to institute an article 78 proceeding attacking an examination until he knows his standing on the eligible list as finally promulgated.

---

* By its order entered October 10, 1974, Special Term referred to the Special Referee "The issue of whether the Senior Dispatcher Examination was fair and competitive".

Until then there is serious question whether he is even an aggrieved party. However, I do not think the oral examination was so unfairly and improperly conducted as to warrant judicial interference. All applicants with initials A to M were examined on one Saturday, and the remainder on the following Saturday. In the circumstances, this was a practical and fair thing to do. It was an oral examination; 12 teams of examiners were required. If all the examinations were to be conducted on the same day, presumably 24 teams would have been required. As this was apparently impractical, the examinees were divided as described. Saturday is a less disruptive day for examinations than a week day. The second half of the group was examined the very next Saturday after the first half. Perhaps this made cheating a little easier. On the whole, I think respondents acted reasonably in view of the practicalities and necessities of the situation. I, therefore, concur in the reversal of the order appealed from, and the dismissal of the petition.