Matter of Haverty v City of New York (2022 NY Slip Op 07151)

Matter of Haverty v City of New York

2022 NY Slip Op 07151

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 159056/21 Appeal No. 16916 Case No. 2022-00733 

[*1]In the Matter of John L. Haverty, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.

Usar Law Group, P.C., New York (Faruk Usar of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for The City of New York and New York City Department of Transportation, respondents.
Pillsbury Winthrop Shaw Pittman LLP, New York (David G. Keyko of counsel), for NYC Bike Share, LLC and LYFT, Inc., respondents.

Order, Supreme Court, New York County (Lyle Frank, J.), entered on or about January 11, 2022, which, to the extent appealed from as limited by the briefs, granted respondents' motions to dismiss the hybrid CPLR article 78 petition, unanimously affirmed, without costs.
The court properly dismissed the petition as time-barred. Petitioner's claim that the Department of Transportation's request for proposals (RFP) for the program that became Citi Bike violated the City Charter accrued when the RFP issued in November 2010. Petitioner's commencement of this action in October 2021 far exceeded the four-month limitations period for article 78 challenges (see CPLR 217[1]; Council of City of New York v Giuliani, 5 AD3d 330, 331 [1st Dept 2004], lv denied 4 NY3d 707 [2005]). That same limitations period applies to petitioner's causes of action for declaratory judgment and restitution of membership fees (see Gress v Brown, 20 NY3d 957, 959-960 [2012]; Colodney v New York Coffee & Sugar Exchange, Inc., 4 AD2d 137, 140 [1957], affd 4 NY2d 698 [1958]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022